IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01642-CMA-MEH

PATRICK COLLINS, INC.,

    Plaintiff,

v.

JOHN DOES 1-32,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on August 22, 2012.**

    Before the Court is a "Motion to Quash or Vacate Subpoena" filed by Matthew Quezada [filed August 13, 2012; docket #19]. By moving to quash the subpoena served upon Comcast in this matter, Mr. Quezada apparently objects to the disclosure of his name, address, and other identifying information, which is the same information Plaintiff requests in such subpoena. However, Mr. Quezada includes his identifying information, including address and cell phone number, within the present publicly-filed motion. (*See* docket #19 at 2.)

    In cases like this where defendants object to the disclosure of identifying information, but provide publicly the information in a motion to quash, courts have found that such motions may be rendered moot by the disclosure. *See First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 248 n.7 (N.D. Ill. 2011) (noting that defendants moving to quash subpoenas served on their internet service providers for their identifying information "may have very nearly rendered moot their own motions to quash" by filing the motions under their own names and addresses); *see also Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4, 577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) (finding that a motion to quash may be moot where a defendant seeking to protect her identity includes her name and address in the motion). Filing a motion or other document containing identifying information under seal, as provided by D.C. Colo. LCivR 7.2B, is one way for a litigant to avoid publicly disclosing his or her identity. *See Achte/Neunte*, 736 F. Supp. 2d at 215 (distinguishing a defendant who filed his motion to quash under seal from defendants who filed their motions on the public record and finding that the former defendant's motion was not moot).

    The subpoena Mr. Quezada seeks to quash orders Comcast to produce the name, address, and telephone number associated with IP address 67.173.227.245. (*See* docket #19 at 1; see also docket #6-3, line 9.) Although Mr. Quezada denies that the IP address listed in the subpoena belongs to him, such denial is not a proper means by which a party may seek to quash a subpoena served upon a third party. *See Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of

2

privilege relating to the documents being sought ... [or] upon a showing that there is a privacy interest applicable."). In light of Mr. Quezada's disclosure of the information sought in the subpoena, the Court finds that any ruling on the merits of Mr. Quezada's motion would have little, if any, practical effect. Therefore, the Motion to Quash or Vacate Subpoena is **denied as moot**.